NOTICE: NOT FOR OFFICIAL PUBLICATION.
UNDER ARIZONA RULE OF THE SUPREME COURT 111(c), THIS DECISION IS NOT PRECEDENTIAL
AND MAY BE CITED ONLY AS AUTHORIZED BY RULE.

IN THE

# ARIZONA COURT OF APPEALS
## DIVISION ONE

STATE OF ARIZONA, *Appellee,*

*v.*

GREGORY MICHAEL HARDIN, *Appellant.*

No. 1 CA-CR 19-0125
FILED 2-11-2020

Appeal from the Superior Court in Maricopa County
No.  CR2018-107659-001
The Honorable Gregory Como, Judge

**AFFIRMED AS MODIFIED**

COUNSEL

Arizona Attorney General's Office, Phoenix
By Nicholas Chapman-Hushek
*Counsel for Appellee*

Maricopa County Public Defender's Office, Phoenix
By Thomas Baird
*Counsel for Appellant*

## MEMORANDUM DECISION

Presiding Judge Samuel A. Thumma delivered the decision of the Court, in which Judge Randall M. Howe and Judge Diane M. Johnsen joined.

**T H U M M A**, Judge:

**¶1**         Gregory Hardin challenges his prison sentence as a Category 2 repetitive offender, claiming it was based on convictions that did not qualify as historical prior felony convictions. Because Hardin failed to timely object, this court reviews for fundamental error resulting in prejudice. Because Hardin has shown no such error, his sentence is affirmed as modified.

## FACTS[1] AND PROCEDURAL HISTORY

**¶2**         In February 2018, coffee shop surveillance cameras captured Hardin rummaging through a cash register. The State charged Hardin with burglary in the third degree, a Class 4 felony, later adding a Class 1 misdemeanor charge of interfering with judicial proceedings when he refused to comply with a court order to provide a buccal swab. The State timely alleged Hardin had several historical prior felony convictions and two more non-historical prior felony convictions. *See* Ariz. Rev. Stat. (A.R.S.) § 13-703 (2020).[2] Following a three-day trial, the jury found Hardin guilty as charged.

**¶3**         At sentencing, the court first held an evidentiary hearing on the prior felony convictions alleged by the State. The court received testimony and various documents, including an Arizona Department of Corrections Automated Summary Report (called a "Pen-pack," short for "penitentiary package"), later noting it had reviewed the presentence report. The court found that the prior felony "convictions referenced in the Pen-pack, which is marked as Exhibit 1, [for which] the State has met its

---

[1] On appeal, this court views the evidence in the light most favorable to sustaining the convictions and resolves all reasonable inferences against the defendant. *State v. Karr*, 221 Ariz. 319, 320 ¶ 2 (App. 2008).

[2] Absent material revisions after the relevant dates, statutes cited refer to the current version unless otherwise indicated.

burden of proving by clear and convincing evidence[,] that these convictions do pertain to the same Gregory Hardin[, who] is the defendant in this case." The Pen-pack contained summaries of the convictions, including a two- or three-word description, dates and length of sentences imposed, but did not state the classification of the offenses. The presentence report, however, provided more detail, including that the convictions were for felony offenses. One of the prior felony convictions was for aggravated driving under the influence (DUI) committed in 2004.

¶4        The State noted that, although the Pen-pack listed six felony convictions, "three of them are all on the same date of offense. So [there are] two non-historical priors, [which] would put him in Category 2 then, not Category 3." Hardin repeated his objection that "the State hadn't met its burden with regards to the Pen-pack," but agreed that "[f]or what the Court has articulated, yes, Your Honor, we agree that it [the Pen-pack] places him in [Category] 2." The court then found that Hardin "should be sentenced under Category 2 as a repetitive offender, based on the felony convictions proven by the State as referenced . . . in the Pen-pack." After hearing argument, the court sentenced Hardin to a less-than-presumptive three-and-a-half-year prison term for burglary, with 384 days of pre-sentence credit, and credit for time served on the misdemeanor conviction.

¶5        Despite these pronouncements at the hearing, the resulting minute entry states the court found

> the existence of the following prior felony conviction(s):
>
> Count 001 INDECENT EXPOSURE, a Felony 6 Non Dangerous felony committed on 06/16/2011 and convicted on 01/10/2012 in CR2011131263-001 in Maricopa County.
>
> UNLAW FLIGHT FROM LAW ENF VEH, a Felony 5 Non Dangerous felony committed on 02/24/2004 and convicted on 09/01/2005 in CR2004041333-001 in Maricopa County.

The order listed no other prior felony convictions.

¶6        This court has jurisdiction over Hardin's timely appeal under the Arizona Constitution, Article 6, Section 9, and A.R.S. §§ 12–120.21(A)(1), 13–4031 and –4033(A).

**DISCUSSION**

¶7        On appeal, Hardin does not challenge his convictions or the sentencing on his misdemeanor conviction. Instead, Hardin's only argument on appeal is that the court imposed an illegal sentence for his burglary conviction because the felonies listed in the court's minute entry are too old to be historical prior felony convictions (HPFC). As a result, Hardin argues, the court committed fundamental error resulting in prejudice when it sentenced him as a Category 2 repetitive offender.

¶8        At the sentencing hearing, Hardin did not dispute that the convictions listed in the Pen-pack could support sentencing as a Category 2 repetitive offender. As a result, this court reviews his argument on appeal for fundamental error. *State v. Escalante*, 245 Ariz. 135, 140 ¶ 13 (2018). "A defendant establishes fundamental error by showing that (1) the error went to the foundation of the case, (2) the error took from the defendant a right essential to his defense, *or* (3) the error was so egregious that he could not possibly have received a fair trial." *Id.* at 142 ¶ 21 (citation omitted). Accordingly, Hardin "bears the burden to establish that (1) error exists, (2) the error is fundamental, and (3) the error caused him prejudice." *State v. James*, 231 Ariz. 490, 493 ¶ 11 (App. 2013) (citations and quotations omitted). On this record, Hardin has failed to make this showing.

¶9        As relevant here, Hardin needed one HPFC to be sentenced as a Category 2 repetitive offender. A.R.S. § 13-703(B). An HPFC is defined to include "[a]ny class 4, 5 or 6 felony . . . that was committed within the five years immediately preceding the date of the present offense." A.R.S. § 13-105(22)(c). The definition also includes "[a]ny prior felony conviction for which the offense of conviction . . . [i]nvolved aggravated driving under the influence of intoxicating liquor or drugs," no matter when the offense occurred. A.R.S. § 13-105(22)(a)(iv).[3]

¶10        Hardin is correct that the felonies listed in the minute entry are too old to be HPFCs under Section 13-105(22)(c). In pronouncing sentence, however, the court did not state that it was relying solely on the two felony convictions later listed in the minute entry. Instead, the court found Hardin "should be sentenced under Category 2 as a repetitive offender, based on the felony convictions proven by the State as referenced . . . in the Pen-pack." By referencing the list of convictions in the Pen-pack, the court included Hardin's 2004 aggravated DUI felony

_____

[3] On appeal, the parties do not address the potential applicability of A.R.S. § 13-105(22)(d) and therefore that subsection is not addressed here.

convictions, which are HPFCs. *See* A.R.S. § 13-105(22)(a)(iv). As a result, because the court found these aggravated DUI felony convictions at sentencing, and because either of them constitutes the requisite HPFC, Hardin has failed to show the court committed fundamental error resulting in prejudice by sentencing him as a Category 2 repetitive offender. *See* A.R.S. § 13-703(B); *Escalante*, 245 Ariz. at 142 ¶ 21.

## CONCLUSION

¶11        Hardin's convictions and sentences are affirmed as modified to reflect that his 2004 aggravated DUI felony conviction is the basis for his sentence as a Category 2 repetitive offender.



AMY M. WOOD • Clerk of the Court
FILED:  AA